IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

In re:  YARNELL ICE CREAM COMPANY, INC.        Case No. 4:11-bk-15542
Debtor                                                                                  Chapter 7

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION

Ronald M. Cameron (hereinafter referred to as "RMC"), by and through his attorneys, Rose Law Firm, a Professional Association, for his Motion for Relief from the Automatic Stay and for Abandonment of Property or, Alternatively, for Adequate Protection, states as follows:

1. On or about March 26, 2008, Yarnell Ice Cream Company, Inc. ("Debtor") entered into a Business Loan Agreement (the "Loan Agreement") with Summit Bank ("Lender") that provided the terms and conditions of a line of credit loan between Debtor and Lender. The Loan Agreement provided for line of credit advances up to the maximum aggregate amount of Six Million and No/100 Dollars ($6,000,000.00). Debtor executed a Promissory Note concurrently with the Loan Agreement in the principal amount of Six Million and No/100 Dollars ($6,000,000.00) (the "LOC Note"). A true, correct and complete copy of the Loan Agreement and the LOC Note are attached hereto as Exhibits A and B, respectively.

2. To secure the repayment of all sums due under the LOC Note and the Loan Agreement, Debtor executed a Commercial Security Agreement dated March 26, 2008 (the "Security Agreement"), granting Lender a first priority security interest in certain personal property collateral, including but not limited to all inventory and accounts of the Debtor. Lender perfected its security interest in the inventory and accounts by filing a UCC-1 financing statement with the Arkansas Secretary of State's office on March 27, 2008 (the "Financing Statement"). A true, correct and complete copy of the Security Agreement and the Financing Statement are attached hereto as Exhibits C and D, respectively.

3. Guarantor executed a Commercial Guaranty dated March 26, 2008 (the "First Guaranty"), absolutely and unconditionally guarantying full and punctual payment and satisfaction of the indebtedness of Debtor to Lender represented by the Loan Agreement and LOC Note. A true, correct and complete copy of the First Guaranty is attached hereto as Exhibit E.

4. On or about January 25, 2010, Debtor entered into a Change in Terms Agreement that, among other provisions, increased the maximum aggregate amount of the Loan Agreement and LOC Note to Twelve Million and No/100 Dollars ($12,000,000.00) ("CIT Agreement"). A true, correct and complete copy of the CIT Agreement is attached hereto as Exhibit F.

5. Guarantor executed a Commercial Guaranty dated January 25, 2010 (the "Additional Guaranty"), absolutely and unconditionally guarantying full and punctual payment and satisfaction of the indebtedness of Debtor to Lender represented by the Loan Agreement and LOC Note at the increased maximum aggregate amount of Twelve Million and No/100 Dollars $12,000,000.00 pursuant to the CIT Agreement. A true, correct and complete copy of the Additional Guaranty is attached hereto as Exhibit G.

6. The LOC Note matured on January 25, 2011.

7. On or about February 8, 2010, Borrower executed a Promissory Note in the original principal amount of Four Hundred Forty Thousand and No/100 Dollars ($440,000.00) in favor of Lender ("Equipment Note"). To secure the repayment of the Equipment Note, Borrower executed a Commercial Security Agreement (the "Equipment Security Agreement") granting Lender a first priority security interest in certain equipment including a Model MK-CMS-Horizontal Continuous Motion Autoload Sleevr; 8 Foot Extended, Motorized Carton Magazine; MK-CSP-Compact Servopack Autoload Cartoner ("Equipment"). Lender perfected its security interest in the Equipment by filing its UCC-1 financing statement with the Arkansas Secretary of State's office (the "Equipment Financing Statement"). A true, correct and complete copy of the Equipment Note, the Equipment Security Agreement and the Equipment Financing Statement are attached hereto as Exhibits H, I and J, respectively.

8. Guarantor executed a Commercial Guaranty dated February 8, 2010 (the "Equipment Guaranty"), absolutely and unconditionally guarantying full and punctual payment and satisfaction of the indebtedness of Borrower to Lender represented by the Equipment Note. A true, correct and complete copy of the Equipment Guaranty is attached hereto as Exhibit K.

9. The Equipment Note matured on February 8, 2011.

10. The Debtor defaulted under the terms of the LOC Note and the Equipment Note, which matured and were not paid according to their terms. Lender made demand on RMC under the Additional Guaranty and the Equipment Note Guaranty, which were paid. Lender assigned all its right, title, interest and powers in and to the LOC Note, the Security Agreement, the Financing Statement, the CIT Agreement, the Equipment Note, the Equipment Security Agreement and the Equipment Financing Statement and by operation of law, RMC possesses all of the rights and powers of Lender. A true, correct and complete copy of the assignments from Lender to RMC is attached hereto as Exhibit L.

11. On August 26, 2011, RMC made an additional demand on Debtor for repayment of the LOC Note and Equipment Note.

12. On August 29, 2011, the Debtor filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code.

13. As of the filing date of the Debtor's Voluntary Petition, the Debtor was indebted to RMC in the amount of $5,588,356.88 plus additional accrued interest subsequent to August 26, 2011, such amount representing all sums due under the LOC Note, the Loan Agreement and the CIT Agreement and secured by the Security Agreement.

247688-3

14. As of the filing date of the Debtor's Voluntary Petition, the Debtor was indebted to RMC in the amount of $230,693.12, plus additional accrued interest subsequent to August 26, 2011, such amount representing all sums due under the Equipment Note and secured by the Equipment Security Agreement.

15. The Debtors' use of the accounts, inventory, Equipment and other property described in the Security Agreement and the Equipment Security Agreement (collectively the "Property") is causing, and will continue to cause, the Property to depreciate in value. The inventory is perishable. Debtor lacks the staff necessary to collect the accounts and sell the inventory.

16. In addition, RMC's interest in the Property cannot be adequately protected. Debtor is liquidating and is not reorganizing. The Debtor is not providing, and has not offered to provide, adequate protection to RMC to protect his interests in the Property.

17. The automatic stay imposed at the time of the filing of this Chapter 7 proceeding should be modified pursuant to 11 U.S.C. § 362(d)(1) to permit RMC to protect his interests and enforce his rights in and to the Property.

18. The Debtor has no equity in the Property and the Property is not necessary for an effective reorganization. The automatic stay imposed at the time of the filing of this Chapter 7 proceeding should be modified pursuant to 11 U.S.C. § 362(d)(2) to permit RMC to protect his interests and enforce his rights in and to the Property.

19. The Property is burdensome to the Debtor's bankruptcy estate and is of inconsequential value and benefit to the estate. Accordingly, the Property should be abandoned pursuant to 11 U.S.C. § 554(b).

20. Alternatively, if the Court should deny RMC's request for relief from the automatic stay and for abandonment of the Property, then RMC hereby requests that the Debtor be ordered to make adequate protection payments directly to RMC in an amount to be determined by the Court, together with the periodic payments under the LOC Note and Equipment Note.

21. RMC requests that this motion be set for hearing within thirty (30) days from the date of its filing in accordance with 11 U.S.C. § 362(e).

22. RMC further requests an order of this court declaring that Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure does not apply in this case, thus allowing RMC to immediately enforce and implement an order granting RMC the relief requested herein.

247688-3

**WHEREFORE**, RMC prays for the following relief:

(a) That the Court modify the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2), and enter an order permitting RMC to protect his interests and enforce his rights in and to the Property;

(b) That the Property be abandoned pursuant to 11 U.S.C. § 554(b), because the Property is burdensome to the Debtor's bankruptcy estate and is of inconsequential value and benefit to the estate;

(c) Alternatively, if the Court should deny RMC's request for relief from the automatic stay and for abandonment of the Property, that the Court enter an order requiring the Debtor to provide RMC adequate protection of RMC's interest in the Property in an amount to determined by the Court, including periodic payments under the LOC Note and the Equipment Note;

(d) That this motion be set for hearing within thirty (30) days from the date of its filing in accordance with 11 U.S.C. § 362(e);

(e) That the Court determine and order that Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure does not apply in this case; and

(f) That RMC be granted any and all additional relief to which he may be entitled and that this Court deems just and proper.

Respectfully submitted this 29th day of August, 2011.

> **Rose Law Firm**
> A Professional Association
> Attorneys at Law
> 120 East Fourth Street
> Little Rock, Arkansas 72201-2893
> (501) 375-9131
>
>
> By: /s/ Brian Rosenthal
> Brian Rosenthal (Ark. Bar No. 89107)
> Garland J. Garrett (Ark. Bar No. 80050)
>
> **Attorneys for Ronald M. Cameron**

## CERTIFICATE OF SERVICE

I, Brian Rosenthal, do hereby certify that a copy of the foregoing Motion for Relief from the Automatic Stay and for Abandonment of Property or, Alternatively, for Adequate Protection has been served via email transmission through the Court's Notice of Electronic Filing for all ECF users and/or United States mail, postage prepaid and properly addressed, upon the following persons:

United States Trustee
Bank of America Building
200 West Capitol Avenue, Suite 1200
Little Rock, Arkansas 72201

on this 29th day of August, 2011.

> . /s/ Brian Rosenthal
> Brian Rosenthal

247688-3

# **EXHIBIT INDEX**

| Exhibit | Description |
|---------|-------------|
| A | Loan Agreement |
| B | LOC Note |
| C | Security Agreement |
| D | Financing Statement |
| E | First Guaranty |
| F | CIT Agreement |
| G | Additional Guaranty |
| H | Equipment Note |
| I | Equipment Security Agreement |
| J | Equipment Financing Statement |
| K | Equipment Guaranty |
| L | Assignments |