IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

In re: YARNELL ICE CREAM COMPANY, INC.    Case No. 4:11-bk-15542
Debtor                                     Chapter 7

RESPONSE BY RMC TO MOTION TO ABANDON AND TURN
OVER NON-ESTATE PROPERTY (PACA TRUST FUNDS) TO
PACA TRUST BENEFICIARY, AND MOTION
TO TURN OVER FUNDS TO RMC

Comes now Ronald M. Cameron ("RMC"), by his attorneys, Rose Law Firm, a Professional Association, and for his response (the "Response") to the Motion to Abandon and Turn Over Non-Estate Property (PACA Trust Funds) to PACA Trust Beneficiary (the "Motion"), and also for his separate motion to turn over funds (the "RMC Motion"), states:

### RESPONSE TO MOTION

1. RMC admits the allegations in paragraphs 1 through 6 of the Motion.

2. RMC denies the allegations in paragraphs 7 through 9 of the Motion.

3. RMC states that Interamerica Quality Foods, Inc. ("IQF") does not have a valid claim under the Perishable Agricultural Commodities Act ("PACA") and the Motion should be denied for the reasons set forth in the Brief By RMC In Support Of Response And RMC Motion filed contemporaneously herewith and incorporated herein (the "Brief").

WHEREFORE, RMC prays that the Motion be denied and for all other relief to which he may be entitled.

### RMC MOTION

1. As set forth in the Order Regarding Motion for Relief From Stay and for Abandonment of Property previously entered by this Court on September 27, 2011 (Docket # 51,

the "Order"), the Trustee is holding the sum of $16,500.00 pursuant to the Order (the "Separate Proceeds"). *See* Exhibit 1, ¶ 28. A copy of the Order is attached hereto as Exhibit 1 and incorporated herein.

2. Pursuant to the Order, substantially all of the Separate Proceeds are payable to IQF if it has a valid PACA trust claim in the Separate Proceeds. If it does not, all of the Separate Proceeds are payable to RMC. *See* Exhibit 1, ¶¶ 28-29.

3. As more particularly set forth in the Brief, IQF does not have a valid PACA trust claim for at least two reasons:

   A. IQF did not preserve a PACA trust claim because the invoices sent by IQF do not contain the precise statutory language required by 7 U.S.C. § 499e(c)(4).

   B. IQF has not proved that the products sold to Yarnell are perishable agricultural commodities covered by PACA.

4. The RMC Motion also is supported by the Affidavit of Jeff L. Holtz attached hereto as Exhibit 2 and incorporated herein.

5. Because IQF does not have a valid PACA trust claim, RMC is entitled to the Separate Proceeds as provided in the Order.

WHEREFORE, RMC prays that the Separate Proceeds be paid to RMC and for all other relief to which RMC is entitled.

251889v1

Respectfully submitted,

**ROSE LAW FIRM,**
a Professional Association
Attorneys at Law
120 East Fourth Street
Little Rock, Arkansas 72201-2893
(501) 375-9131
By: /s/ Gary J. Garrett
Gary J. Garrett (Ark. Bar No. 80050)
ggarrett@roselawfirm.com
Brian Rosenthal (Ark. Bar No. 89107)
brosenthal@roselawfirm.com

**Attorneys for Ronald M. Cameron**

**CERTIFICATE OF SERVICE**

I, Gary J. Garrett, do hereby certify that a copy of the foregoing Response by RMC to Motion to Abandon and Turn Over Non-Estate Property (PACA Trust Funds) to PACA Trust Beneficiary, and Motion to Turn Over Funds to RMC has been served upon those who receive notices and the attendant pleadings via the CM/ECF system this 14th day of November, 2011.

/s/ Gary J. Garrett
Gary J. Garrett

251889v1

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

In re: YARNELL ICE CREAM COMPANY, INC.   Case No. 4:11-bk-15542
Debtor                                                                        Chapter 7

## ORDER REGARDING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY

On this day came for hearing the Motion for Relief From The Automatic Stay And For Abandonment Of Property Or, Alternatively, For Adequate Protection (the "Motion") (Docket No. 10) filed on behalf of Ronald M. Cameron ("RMC") by his attorneys, Rose Law Firm, a Professional Association. After proper notice and opportunity for a hearing, one objection was timely filed by Interamerican Quality Foods, Inc. ("Interamerican"). Based on the applicable pleadings, the exhibits thereto, and other matters, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 157(a), and 11 U.S.C. §§ 362 and 552(b). The Motion was made pursuant to Bankruptcy Rule 4001 and in conformity with Rule 9014 of the Rules of Bankruptcy Procedure.

2. Yarnell Ice Cream Company, Inc. is the Debtor, having filed a voluntary Chapter 7 petition.

3. Randy Rice is the Trustee of the Debtor.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(G).

6. The Motion was properly filed, served and noticed.

7. The time for filing responses to the Motion has expired. One timely response objecting to the Motion or the matters alleged therein was filed by Interamerican (Docket No. 43).

Entered On Docket: 09/27/2011

EXHIBIT
1

Neither the Trustee nor Interamerican object to abandonment and relief from stay as set forth in this Order.

8. On or about March 26, 2008, Debtor entered into a Business Loan Agreement (the "Loan Agreement") with Summit Bank ("Lender") that provided the terms and conditions of a line of credit loan between Debtor and Lender. The Loan Agreement provided for line of credit advances up to the maximum aggregate amount of Six Million and No/100 Dollars ($6,000,000.00). Debtor executed a Promissory Note concurrently with the Loan Agreement in the principal amount of Six Million and No/100 Dollars ($6,000,000.00) (the "LOC Note").

9. To secure the repayment of all sums due under the LOC Note and the Loan Agreement, Debtor executed a Commercial Security Agreement dated March 26, 2008 (the "Security Agreement"), granting Lender a first priority security interest in certain personal property collateral, including but not limited to all inventory and accounts of Debtor. Lender perfected its security interest in the inventory, accounts and property described in the Security Agreement by filing a UCC-1 financing statement with the Arkansas Secretary of State's office (the "Financing Statement"), and has a valid, perfected, first priority security interest therein.

10. On or about January 25, 2010, Debtor entered into a Change in Terms Agreement that, among other provisions, increased the maximum aggregate amount of the Loan Agreement and LOC Note to Twelve Million and No/100 Dollars ($12,000,000.00) (the "CIT Agreement").

11. The LOC Note matured on January 25, 2011.

12. On or about February 8, 2010, Debtor executed a Promissory Note in the original principal amount of Four Hundred Forty Thousand and No/100 Dollars ($440,000.00) in favor of Lender (the "Equipment Note"). To secure the repayment of the Equipment Note, Debtor executed a Commercial Security Agreement (the "Equipment Security Agreement") granting Lender a first

priority security interest in certain equipment including a Model MK-CMS-Horizontal Continuous Motion Autoload Sleevr; 8 Foot Extended, Motorized Carton Magazine; MK-CSP-Compact Servopack Autoload Cartoner (the "Equipment"). Lender perfected its security interest in the Equipment and property described in the Equipment Security Agreement by filing its UCC-1 financing statement with the Arkansas Secretary of State's office (the "Equipment Financing Statement"), and has a valid, perfected, first priority security interest therein.

13. The Equipment Note matured on February 8, 2011.

14. Debtor defaulted under the terms of the LOC Note and the Equipment Note, which matured and were not paid according to their terms. Lender assigned all its right, title, interest and powers in and to the LOC Note, the Security Agreement, the Financing Statement, the CIT Agreement, the Equipment Note, the Equipment Security Agreement and the Equipment Financing Statement to RMC, and RMC is the assignee of Lender and possesses all of the rights, remedies and powers of Lender. The property described in the Security Agreement and the Equipment Security Agreement, together with all proceeds thereof, is collectively referred to as the "Collateral".

15. The Debtor is validly indebted to RMC in the amount of $5,588,356.88, such amount representing all sums due under the LOC Note, the Loan Agreement and the CIT Agreement and secured by the Security Agreement and the Equipment Security Agreement as of the date of the Debtor's voluntary petition.

16. The Debtor is validly indebted to RMC in the amount of $230,693.12, such amount representing all sums due under the Equipment Note and secured by the Equipment Security Agreement and the Security Agreement as of the date of the Debtor's voluntary petition.

249229-7

17. Neither the Debtor nor the Trustee have offered adequate protection of RMC's interest in the Collateral.

18. The Debtor is in default under the LOC Note, the Loan Agreement, the Security Agreement, the CIT Agreement, the Equipment Note and the Equipment Security Agreement.

19. By virtue of such defaults RMC is entitled to foreclose and enforce his security interests in the Collateral and to take such other actions as are permitted by the applicable documents, at law or in equity.

20. There is no equity in the Collateral and the Collateral is not necessary to affect a reorganization and/or orderly liquidation of the bankruptcy estate.

21. The Trustee has abandoned any interest or claim in or to the Collateral.

22. The Collateral has aggregate value which is less than the indebtedness owed to RMC, and the Collateral is burdensome to the estate or is of inconsequential value or benefit to the estate and therefore should be abandoned. All of the Debtor's interest and the Trustee's interest in the Collateral is hereby abandoned pursuant to 11 U.S.C. § 554. Further, RMC is hereby granted relief from the automatic stay of 11 U.S.C. § 362 as to the Collateral so he may pursue any remedies available to him against the Collateral, with all proceeds to be used to reduce RMC's claim in this proceeding.

23. RMC shall take possession of any Collateral in the possession of the Trustee within five (5) business days of the entry of this Order. RMC may, if necessary, bring suit against third parties to recover possession of the Collateral and liquidate the Collateral.

24. RMC shall be entitled to file a claim in these proceedings. If the claim is filed prior to liquidation and application of all net proceeds of the Collateral the claim will thereafter be reduced by the net proceeds of the Collateral actually received by RMC. Nothing contained in this

Order shall be construed to impair, diminish, negate or adversely impact the rights and powers of RMC in or to other collateral or property, or the duties, obligations or liabilities of any other person or entity to RMC.

25. While not admitting that the Trustee has administered any of the Collateral or otherwise is entitled to retain any Collateral, RMC consents to the Trustee retaining the sum of $10,000.00 previously received by the Trustee, which constitutes proceeds of the Collateral. This sum retained by the Trustee shall be held subject to further order of this Court, but RMC shall have no right, title, or interest therein and no lien or security interest thereon. The Trustee shall account for all proceeds of the Collateral received by RMC so RMC will know the source of such proceeds, and the Trustee shall cooperate in delivering to RMC all Collateral and proceeds of the Collateral, except for $10,000.00. To the extent records and information of the Debtor are not part of the Collateral and are necessary or beneficial for RMC to possess, collect, liquidate, sell or otherwise realize the value of the Collateral, the Trustee shall make such records and information that are in the Trustee's possession available to RMC for examination or copying, at the expense of RMC.

26. Notwithstanding the foregoing, Interamerican has asserted a claim under the Perishable Agricultural Commodities Act of 1930 ("PACA").

27. Based on the relief provided herein, Interamerican's objection to the Motion is withdrawn.

28. The relief requested by the Motion is granted as hereinbefore stated; however, $16,500.00 in proceeds of the Collateral previously received by the Trustee (the "Separate Proceeds") will be retained by the Trustee and not distributed until it is determined in subsequent proceedings whether Interamerican has a proper PACA trust claim as to the Separate Proceeds. If

5

249229-7

such a claim were established by Interamerican, in whole or in part, the amount of the sustained claim will be promptly paid to Interamerican to the extent of the Separate Proceeds. If the claim were denied, in whole or in part, the amount of the Separate Proceeds that are not paid to Interamerican will be promptly paid to RMC, whose lien rights in the Separate Proceeds are not released. The $16,500.00 of Separate Proceeds will be held only for Interamerican and will not be paid to any other PACA creditor.

29. To determine the validity of its claim, the Parties agree Interamerican will submit within 30 days of the date of this Order a Motion for Turnover of Funds, which will fully brief the issues arising as to Interamerican's PACA Claim. RMC will then have 30 days from the date of fax service of Interamerican's Motion to file a response. Interamerican will then have 15 days from the fax service date of RMC's Response to file a reply. Should this Honorable Court find Interamerican's PACA Claim valid, RMC shall promptly pay Interamerican's Claim out of the Separate Proceeds. Should this Honorable Court find Interamerican's PACA Claim invalid, Interamerican shall file a general unsecured claim.

30. Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure does not apply in this case.

**IT IS SO ORDERED.**

*James G. Mixon*

Dated: 09/27/2011

---

**Honorable James G. Mixon**

Date:_____

**AGREED AS TO FORM AND SUBSTANCE:**

By: /s/ Garland J. Garrett
Garland J. Garrett (Ark. Bar No. 80050)
Brian Rosenthal (Ark. Bar No. 89107)
**Rose Law Firm, a Professional Association**
120 East 4th Street
Little Rock, AR 72201
501-375-9131

**Attorneys for Ronald M. Cameron**

/s/ M. Randy Rice
M. Randy Rice, Chapter 7 Trustee
523 S. Louisiana
Suite 300
Little Rock, Arkansas 72201
501-374-1019

/s/ Andrew L. Clark
Andrew L. Clark
Clark, Byarlay & Sparks
620 West Third Street, Suite 100
Little Rock, Arkansas 72201
501-376-7447

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

In re: YARNELL ICE CREAM COMPANY, INC.      Case No. 4:11-bk-15542
      Debtor                                                                           Chapter 7

STATE OF ARKANSAS    )
                                  ) ss
COUNTY OF PULASKI   )

### AFFIDAVIT OF JEFF L. HOLTZ

1. I was the Research and Development Director of Yarnell Ice Cream Company, Inc. and in that capacity I have knowledge of the matters stated herein. I am an adult and competent to testify, if necessary.

2. The strawberry puree and stabilized strawberries sold by Interamerican Quality Foods, Inc. ("IQF") are not fresh fruits or vegetables as I understand the meaning of those terms.

3. While the strawberry puree and stabilized strawberries were created from strawberries as a primary ingredient, I believe the strawberries were manufactured into food product of a different kind or character from fresh strawberries.

4. For example, as shown on the attached invoice, a "stabilizer" was added, an item or agent that would change the raw commodity into a food of a different kind or character. In addition sugar was added to the formulations.

_____
Jeff L. Holtz

**EXHIBIT 2**

SUBSCRIBED AND SWORN before me this  19th  day of November, 2011.

_____
Notary Public

My Commission Expires:

```
CHRIS G. LAIR
NOTARY PUBLIC - ARKANSAS
PULASKI COUNTY
My Commission Expires: 1-8-2012
```

2

251969v1